BENJAMIN F. MEUCCI *v.* D. & M. DEMOLITION, INC., ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 143369

Memorandum filed June 15, 1966

*Cooney & Scully,* of Hartford, for the plaintiff.

*Schatz & Schatz,* of Hartford, for the named defendant et al.

*Thomas P. Heslin,* of Hartford, for the city of Hartford and Hartford redevelopment agency, garnishees.

*Robinson, Robinson & Cole,* of Hartford, for Society for Savings, garnishee.

*Gross, Hyde & Williams,* of Hartford, for the defendant Connecticut Bank and Trust Company.

PALMER, J. This action, in the first count, seeks an order to require the named defendant, hereinafter called the corporation, to deliver to the plaintiff a certificate for twenty-eight shares of its capital stock; an accounting from March 22, 1961; any dividends paid from March 22, 1961; appointment of a receiver and decree dissolving the corporation; and $75,000 damages.

The first count alleges that the plaintiff and the two individual defendants formed the corporation pursuant to an agreement that each of them would be and remain holders of one-third of its capital stock and would share equally in the profits; that each would be and remain directors; and that the plaintiff would be and remain president. The corporation was formed on March 22, 1961, and the plaintiff alleges that he was the owner of twenty-eight shares of its capital stock of the par value of $25 each, being more than 10 percent of its outstanding shares. Pursuant to the agreement and in reliance thereon, the plaintiff left his usual employ and worked full time for the corporation at a greatly reduced rate of pay for a period of two years. In December, 1962, the corporation terminated the plaintiff's employment, and thereafter on January 8, 1963, it purported to cancel his ownership of capital stock and to transfer his shares to another or others, and to remove him as an officer and director, in violation of the agreement.

The second count adds to the above the further allegations that on October 26, 1962, the individual defendants, "by fraud, artifice, trick, device and misrepresentation procured the plaintiff's signature to a $700.00 demand note . . . containing a pledge of the plaintiff's stock interest in [the] corporation to defendants." Thereafter, the defendants, relying on the fraudulent note and pledge agreement, forfeited the plaintiff's stock, removed him as an

officer and director and terminated his employment with the corporation. In respect to the second count he claims a judgment that the pledge agreement and the forfeiture exercised thereunder are void.

It is apparent from an examination of the allegations of the complaint that the touchstone of the plaintiff's causes of action is his claim that pursuant to an agreement with the individual defendants he is the owner of twenty-eight shares of the capital stock of the corporation. If he can establish his ownership of these shares of stock, he is entitled to probe into the details of the corporation and its management. If he fails to prove his ownership of these shares, then he is not entitled to enter the corporate doors and examine the corporate details. The first and foremost issue is whether the plaintiff became the owner of shares pursuant to an agreement with the individual defendants. At this time he is entitled only to such disclosure and production as will be of aid and assistance in respect to that issue.

The defendants object to the plaintiff's requests numbered 4 through 8 contained in part B of his motion asking defendants to produce for inspection or copying the following documents: the books of account of the corporation; the income tax returns of the corporation; any and all financial statements of the corporation; all bank statements and canceled checks of the corporation; and copies of all documents evidencing loans between the corporation and its shareholders and directors. These documents would not be of any aid or assistance to the plaintiff in establishing his ownership of shares of the corporation.

Accordingly, defendants' objection to items 4, 5, 6, 7 and 8 of part B of the motion for disclosure and production is sustained.

If the plaintiff succeeds in establishing his status as a shareholder of the corporation, then, of course, leave should be granted for him to renew items 4 through 8 of the instant motion, objection to which has been sustained.